LAURA TAYLOR SWAIN, United States District Judge *309 The Ad Hoc Group of General Obligation Bondholders (the "GO Group")[2] has moved pursuant to Federal Rule of Civil Procedure 24, as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7024,[3] for leave to intervene (the "Motion to Intervene") in the above-captioned adversary proceeding (the "Adversary Proceeding") initiated by the Bank of New York Mellon ("BNYM" or the "Trustee"), as Trustee of the Puerto Rico Sales Tax Financing Corporation ("COFINA"). (Docket Entry No. 16.) The Court has carefully considered all of the submissions made in connection with the instant motion. For the following reasons, the Motion to Intervene is denied, without prejudice to litigation of the issues raised by the GO Group in an appropriate context.
BACKGROUND
The following recitation of uncontested facts is drawn from the Complaint (Docket Entry No. 1) in this Adversary Proceeding or the GO Group's Motion to Intervene, except where otherwise noted.
In 2006, the Commonwealth of Puerto Rico (the "Commonwealth") imposed a 5.5% sales tax on certain goods and services in the Commonwealth (the "SUT"). (Compl. ¶ 26.) In 2007, the Commonwealth created COFINA, a government entity that issued bonds secured by the assignment of a portion of the SUT, pursuant to Act No. 56-2007, 2007 P.R. Laws 173 (the "COFINA Enabling Act"). (Id. ¶ 27.) The COFINA Enabling Act directed COFINA to hold a certain portion of the SUT (the "Pledged Sales Tax") in a special fund separate and apart from the Commonwealth's general funds. (Id. ¶ 28.) The COFINA Enabling Act provides that the Pledged Sales Tax "shall not be deposited in the Treasury of [the Commonwealth], nor shall [it] constitute resources available to the Commonwealth ...." (Id. ¶ 30.) COFINA is currently governed by the Amended and Restated Sales Tax Revenue Bond Resolution (the "COFINA Resolution"), adopted on July 13, 2007. (Id. ¶ 2.) BNYM serves as the Trustee under the COFINA Resolution. (Id. ¶ 43.)
On May 5, 2017, the Financial Management Oversight and Management Board *310 for Puerto Rico (the "Board"), as representative of COFINA, commenced a PROMESA Title III case for COFINA. (Case No. 17-BK-3284-LTS, Docket Entry No. 1.) On May 16, 2017, BNYM commenced this Adversary Proceeding in COFINA's Title III case to determine the rights of COFINA bondholders, under the COFINA Resolution, to Pledged Sales Tax funds due to be paid to COFINA bondholders that were then in BNYM's possession (the "Interpleaded Funds"), moving for permission to proceed by way of an interpleader proceeding (the "Interpleader Action"). (See generally Compl.) Holders and insurers of various tranches of COFINA bonds have asserted that certain actions and inactions by COFINA, the Commonwealth and/or the Board constitute Events of Default under the COFINA Resolution and have purported to instruct BNYM, sometimes in conflicting ways, as to actions that should be taken under the COFINA Resolution. BNYM has delivered notices to the Commonwealth and COFINA asserting that certain of their actions violated the COFINA Resolution and demanding explanations. COFINA has asserted that it is the owner of the Interpleaded Funds and that any actions based on alleged defaults, or to exercise control over the Interpleaded Funds based on the rights of beneficial holders, would violate the automatic stay imposed by Section 362 of the Bankruptcy Code, which is made applicable in COFINA's Title III case by Section 301 of PROMESA, 48 U.S.C. § 2170. (Id. ¶¶ 56-83.) The Interpleader Action seeks determinations as to whether there has been an Event of Default, as defined in the COFINA Resolution; whether any of the COFINA bonds have been accelerated; the impact of any defaults on the distribution rights of the holders of various tranches of COFINA bonds; and BNYM's rights and responsibilities as Trustee. (See, e.g., id. ¶¶ 90-100, 109-112.)
On May 30, 2017, the Court granted BNYM's motion to commence the Interpleader Action. The Court's order also stayed all pending and future litigation against BNYM related to the Interpleaded Funds and discharged BNYM from liability in connection with the Interpleaded Funds. (See Docket Entry Nos. 130 & 131.)
The GO Group is composed of beneficial holders of $3 billion of bonds (the "GO Bonds") issued or guaranteed by the Commonwealth and backed by a pledge of its good faith, credit and taxing power. (Docket Entry No. 16; Mot. to Intervene, at ¶ 1.) The GO Group asserts that the GO Bonds are "public debt" under Puerto Rico's Constitution, a status that triggers certain interconnecting constitutional and statutory protections. (Id. ¶ 2.) The GO Group further asserts that the GO Bonds are "Constitutional Debt" protected under Puerto Rico's Constitution and entitled to a first-priority claim on all of the Commonwealth's "available resources." (Id. ¶¶ 1-2.) The GO Group asserts that the Interpleaded Funds are such "available resources" within the meaning of the Constitution, and are therefore subject to a first-priority claim by the holders of GO Bonds. (Id. ¶ 2.) The GO Group members seek to intervene as defendant parties to obtain, inter alia, adjudication of their claims that the GO bonds are entitled to constitutional priority.
All of the other parties to this action oppose the GO Group's intervention motion. The objectors variously argue that the GO Group members lack constitutional and prudential standing to assert their claims, that the GO Group has shown neither that it has a right to intervene under Federal Rule of Civil Procedure 24 nor that permissive intervention is appropriate *311 under that Rule, and that Section 1109 of the Bankruptcy Code (applicable to COFINA's Title III case pursuant to Section 301 of PROMESA, 48 U.S.C. § 2170 ) renders the GO Group members ineligible to intervene in this adversary proceeding. The Court must first address the standing issues because, absent subject matter jurisdiction, it cannot address the GO Group's claims. See Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(h) ; Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 92, 96, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).
DISCUSSION
The GO Group Lacks Standing to Assert the Commonwealth's Claim
To meet its burden of establishing that the district court has the constitutional power to adjudicate a case, a plaintiff must demonstrate that it has standing to assert its claim, such that the matter presents a "case[ ] or controvers[y]" within the meaning of Article III of the Constitution. Clapper v. Amnesty Int'l USA, 568 U.S. 398, 133 S.Ct. 1138, 1146, 185 L.Ed.2d 264 (2013). Article III requires that a plaintiff demonstrate three things in order to establish standing: (1) an "injury in fact" that is "concrete and particularized," (2) a "causal connection between the injury and the conduct complained of," and (3) the ability of a "favorable decision" by the court to redress the plaintiff's injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).
BNYM's Complaint raises issues regarding the claims of COFINA, and the various tranches of its bondholders, as to the existence of defaults under the COFINA Resolution, and the implications of such defaults for priorities among the bondholders' claims to entitlement to distributions of Pledged Sales Tax revenues held by BNYM. The disputes framed by the pleadings of BNYM and the Defendants named in the interpleader adversary proceeding clearly rise to the level of a case or controversy. The COFINA bondholders claim statutory and contractual rights to specific funds that are, or will be, held in escrow during the interpleader proceeding. BNYM, having received conflicting instructions and having been sued, seeks determinations as to its rights and obligations as trustee under the COFINA Resolution, and COFINA has asserted that it is the rightful owner of the funds. The GO Group, on the other hand, seeks to litigate the question of whether the Pledged Sales Tax revenues, and indeed all such revenues payable to COFINA under the statute and the COFINA Resolution, constitute funds that the Commonwealth is obliged to draw upon to pay GO bondholders' claims against the Commonwealth.
Where an intervenor seeks "relief that is different from that which is sought by a party with standing," it must independently satisfy Article III's requirements. Town of Chester, N.Y. v. Laroe Estates, Inc., --- U.S. ----, 137 S.Ct. 1645, 1650-51, 198 L.Ed.2d 64 (2017) ; see also Adams v. Watson, 10 F.3d 915, 918 n.7 (1st Cir. 1993). There is a live controversy as to the relative claims on SUT revenue in COFINA's trust account, for the benefit of its bondholders, and of the Commonwealth as obligor to the GO bondholders and the creator of the SUT. The claim that the Commonwealth is entitled or required to apply the COFINA trust funds to payment of the Commonwealth's obligations to GO bondholders is one of which the Commonwealth, as a debtor in a related PROMESA Title III proceeding, has control. The Commonwealth is not a party to the instant adversary proceeding. To the extent that the GO Group's members are threatened with deprivation of rights or property, *312 it is a prospect that would turn on the Commonwealth's failure to prevail on its claims vis à vis COFINA, or a failure by the Commonwealth as a prevailing party to apply sufficient funds to cover its outstanding obligations on GO bonds. The Commonwealth's debtor representative, the Board, has approved a plan under which SUT revenues are pooled with general Commonwealth funds to determine what funds are available for payments to creditors, and the Board intends to take action to ensure that the Commonwealth-COFINA dispute is resolved by the debtors involved-the Board has formulated a proposed plan and is working on a revised plan. There is not, however, a live controversy between the GO Group and COFINA bondholders or BNYM, because the GO Group's asserted interest in the Interpleaded Funds would exist only if the Commonwealth's yet-unasserted claim on those funds were successful.
Even if the existence of a live controversy as between the GO Group's obligor and COFINA were sufficient to satisfy the basic requisites of Article III standing, prudential standing considerations preclude the litigation of the Commonwealth's claims by the GO Group in the context of this adversary proceeding. Prudential standing under Article III of the U.S. Constitution requires that a party demonstrate that its claim is "premised on [its] own legal rights (as opposed to those of a third party)." Katz v. Pershing, LLC, 672 F.3d 64, 72 (1st Cir. 2012) (internal quotations omitted).
The members of the GO Group are not COFINA creditors, and have no direct claim to the Interpleaded Funds. Rather, the members of the GO Group allege only that they are creditors of the Commonwealth, which is a creditor of COFINA. Under these circumstances, the GO Group lacks the direct interest necessary to establish prudential standing. See, e.g., In re Lifeco Inv. Group., 173 B.R. 478, 487-88 (Bankr. D. Del. 1994) (and cases cited therein). Accordingly, the Motion to Intervene must be denied.
The GO Group Does Not Meet the Requirements of Federal Rule of Civil Procedure 24
Federal Rule of Civil Procedure Rule 24(a), made applicable in these proceedings by Federal Rule of Bankruptcy Procedure 7024(a)(1), governs intervention as of right. Rule 24(a)(1) provides that "the court must permit anyone to intervene who is given an unconditional right to intervene by a federal statute." Rule 24(a)(2) provides for intervention as of right if a putative intervenor establishes the
(i) the timeliness of its motion to intervene; (ii) the existence of an interest relating to the property or transaction that forms the basis of the pending action; (iii) a realistic threat that the disposition of the action will impede its ability to protect that interest; and (iv) the lack of adequate representation of its position by any existing party.
R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 7 (1st Cir. 2009). "[A] putative intervenor must show at a bare minimum that it has a significantly protectable interest that is direct, not contingent." Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 205 (1st Cir. 1998) (internal citations and quotations omitted).
The GO Group has not identified a federal statute under which it has an unconditional right to intervene in the Adversary Proceeding; the requirements of Rule 24(a)(1) accordingly are not satisfied. Furthermore, the GO Group is not entitled to intervene as a matter of right pursuant to Rule 24(a)(2) because it does not have the requisite interest in the Interpleaded Funds. Although the GO Group's Motion *313 to Intervene is timely, the GO Group fails to meet the remaining three elements of Federal Rule Civil Procedure 24(a)(2). The Interpleader Action does not impair the GO Group's ability to protect its interests; indeed, the GO Group has not identified an interest it possesses in the Interpleaded Funds. It admits that its members do not hold any COFINA bonds and any claim they may have on the Interpleaded Funds is entirely dependent on establishment of the Commonwealth's right to draw on such funds. See May 17, 2017 Hr'g Tr. 67:7-10 (stating that "[t]he monies that ultimately the Commonwealth is looking to keep or recoup or make clear are its property, these are actually Commonwealth funds. They're not GO bondholder funds.")
Any claim that the Commonwealth, and potentially thereafter the Commonwealth's creditors, has an interest in the Interpleaded Funds would belong to the Board, as the Commonwealth's representative in these Title III proceedings, and would be a claim against COFINA in the first instance. The Commonwealth has made it clear that it intends to seek a determination of the claim in the context of the jointly administered Title III proceedings. The Commonwealth, through its representative in the Title III proceedings, opposes the GO Group's effort to intervene to assert the Commonwealth's claim with respect to the Interpleaded Funds. Under these circumstances, the GO Group members lack the legally cognizable interest in those funds that is necessary to support intervention as of right. To the extent the GO Group argues that resolution of the COFINA bondholder priority issues raised in the BNYM interpleader proceeding will necessarily impede the GO Group's ability to protect the interest that it wishes to establish, the terms on which the Court granted the interpleader motion-requiring that the Interpleaded Funds be held by the Court pending "entry of a final order of this Court directing the timing and manner of the disbursement of such funds"-ensure that the Commonwealth and COFINA will have the opportunity to resolve the issues that the GO Group has identified prior to distribution of the Interpleaded Funds.
Federal Rule of Civil Procedure 24(b)(1) allows a court to grant permissive intervention to anyone who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." The GO Group has not identified a federal statute that gives its members a conditional right to intervene. Nor has the GO Group demonstrated that it has a basis for permissive intervention under Rule 24(b)(1)(B). The claims and defenses raised in the BNYM interpleader proceeding concern the rights of COFINA and its creditors inter se, and turn principally on questions of whether events of default have occurred, payment priorities as among the bondholders, and BNYM's rights and obligations as Trustee under the instruments that govern COFINA. The issues of Puerto Rican constitutional law that the GO Group seeks to litigate do not share common issues of law and fact with the claims that have been asserted in the BNYM action. The Motion to Intervene is therefore denied to the extent it requests permission to intervene.
Arguments Regarding Scope of Bankruptcy Code Section 1109
In light of the foregoing determinations, the Court need not address the objectors' arguments concerning the GO bondholders' qualification for intervention under Section 1109 of the Bankruptcy Code.
Miscellaneous Arguments
In a submission prior to the establishment of a scheduling order in this interpleader *314 proceeding, the GO Group requested leave to take discovery even if its motion for leave to intervene were to be denied. (See Docket Entry No. 144, Reply of the Ad Hoc Group of General Obligation Bondholders Regarding Nature, Sequence, and Timing of Proceedings, at p. 5.) This request is denied, as Rule 26 of the Federal Rules of Civil Procedure, which is applicable in this adversary proceeding, limits discovery to the parties to the proceeding, and the GO Group has cited no authority suggesting that a non-party should be permitted to participate in the discovery process. Further, the interplay between the Commonwealth's Constitution and the COFINA Resolution is not the subject of the Interpleader Action and as such, the Court need not address those issues.
CONCLUSION
For the foregoing reasons, the GO Group's Motion to Intervene is denied, without prejudice to litigation of the issues it has raised in an appropriate context.
This Memorandum Opinion and Order resolves docket entry no. 16.
SO ORDERED.

The members of the GO Group are identified in docket entry no. 16 of the above-captioned adversary proceeding.

The Federal Rules of Bankruptcy Procedure are made applicable in these Title III cases by Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2170.